**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

BRIAN BEALS,

        Plaintiff,

    v.

CITY OF CHICAGO, *et al.*,

Case No. 1:24-cv-12713

Hon. Joan H. Lefkow

## AGREED/JOINT MOTION FOR EXTENSION OF CASE SCHEDULE

Plaintiff Brian Beals, by and through his attorneys, Romanucci & Blandin, LLC, and Hart McLaughlin & Eldridge, LLC, and Defendants Michael Ptak as Special Representative for Thomas Ptak, deceased, Michael Duffin, Patrick R. Doyle, Jr., Michael J. Wilson, and City of Chicago, by and through their counsel, The Sotos Law Firm, P.C., respectfully request a six-month extension of the current fact discovery deadline, until September 14, 2026, to complete fact discovery. The parties state the following in support:

1.      On December 11, 2024, Plaintiff filed this lawsuit alleging that he was wrongfully convicted and imprisoned for first-degree murder following the November 16, 1988 shooting of Demetrius Campbell and Valerie Campbell. Plaintiff spent over 35 years in prison, until he was released in December 2023 after being exonerated. (Doc. 1.)

2.      Plaintiff was investigated by the Chicago Police Department. Plaintiff sued certain officers and the City of Chicago for misconduct, which he alleges resulted in his wrongful conviction. (*Id.*)

3.      Given the nature of Plaintiff's § 1983 wrongful conviction claims, the parties have diligently pursued records, evidence, and documentation related to the Chicago Police Department's investigation of the November 16, 1988 shooting of Valerie and Demetrius Campbell, through

discovery procedures in this Court, as well as before the Cook County Circuit Court that oversaw Plaintiff's criminal proceedings. On January 9, 2025, Plaintiff petitioned the underlying criminal court for an order to allow inspection and duplication of impounded evidence and Chicago Police Department investigative records pertaining to the underlying investigation and prosecution, which was granted on January 16, 2025. Plaintiff thereafter coordinated with counsel for Defendants to schedule inspections of impounded evidence and the court clerk's file, which proceeded on March 17, 2025, and an inspection of Chicago Police Department investigative files, which proceeded on March 27, 2025.

4.      Defendants filed their answers to Plaintiff's Complaint on April 21, 2025. (Doc. 28, 29.) The Parties filed a joint status report on May 13, 2025, proposing a schedule for non-*Monell* fact discovery. (Doc. 31.) The Court adopted the Parties' proposal on the same date, setting the parties' deadline for the completion of non-*Monell* fact discovery for March 13, 2026, with *Monell* fact discovery and expert discovery deferred until the completion of non-*Monell* fact discovery. (Doc. 32.)

5.      Thereafter, the parties issued interrogatories and document requests, which sought comprehensive documents and information regarding the officer-Defendants' conduct in the underlying investigation, the officer-Defendants' personnel files, and Plaintiff's personal, educational, employment, and medical histories. As many relevant and responsive documents contain personal, confidential, or otherwise sensitive information, beginning June 13, 2025, the Parties endeavored to negotiate agreeable protective orders to govern the production of confidential documents and medical records in this litigation. Over the course of the following months, the parties met and conferred numerous times, by email, phone, and Zoom, reaching agreement as to the language of the proposed orders on November 10, 2026. Plaintiff promptly filed the agreed motion for entry of the parties' negotiated protective order (Doc. 41), which the Court granted and entered on November 12, 2025. (Doc. 42, 43.)

6. On September 16, 2025, Plaintiff served his responses to Defendants' document requests, and on September 25, 2025, Plaintiff served his answers to Defendants' three sets of interrogatories. On September 8, 2025, Defendants Wilson, Duffin, and Doyle served their answers to Plaintiff's interrogatories and document requests. On September 22 and 24, 2025, Defendant City of Chicago served its responses to Plaintiff's document requests and interrogatories, respectively. The parties have thereafter produced responsive documents on a rolling basis. Plaintiff has produced 3,913 pages of documents responsive to Defendants' document requests, and Defendants have produced 5,713 pages of documents responsive to Plaintiff's document requests.

7. Due to the age of Plaintiff's underlying November 1988 arrest and January 1990 conviction, many documents responsive to the parties' requests are not maintained electronically. As a result, the parties have expended substantial time and effort to gather, digitize, review, redact, and produce relevant and responsive documents and information. For example, a considerable portion of Defendants' document production to date has consisted of complaint registers and associated investigative files ("CRs") that were filed against Defendants Wilson, Doyle, Duffin, and Ptak during their employment with the Chicago Police Department, including those dating back to 1983. The Parties have met and conferred continuously to discuss and resolve disputes regarding the parties' responses and to advise of any difficulties and/or delays arising as a result of the format in which responsive documents are maintained, including as recently as February 2, 2026. To date, the parties have been able to successfully resolve their disputes and advance discovery without motion practice.

8. On March 9th, 2026, Defendants sent Plaintiffs a Motion to Release Grand Jury Materials concerning the underlying criminal case, Case No.: 88-CR-20345. Plaintiff is reviewing Defendants' proposed motion and will advise counsel for Defendants whether he opposes the requested relief by March 13, 2026.

9.     As of January 27, 2026, Defendant City of Chicago confirmed that it made a complete production of confidential versions of Defendant Doyle's CRs and a substantially complete production of confidential versions of Defendant Wilson's CRs. On February 6, 2026, the City made a substantially complete production of the remaining confidential versions of Defendant Duffin's CRs and the confidential versions of Defendant Ptak's CRs. Plaintiff is still awaiting the City's production of the confidential version of the remaining CR for Defendant Wilson and FOIA-screened versions of CRs for each officer-Defendant.

10.     On February 2, 2026, the parties conferred with respect to Plaintiff's proposed protocol to search for and produce Defendants' electronically stored information ("ESI") responsive to Plaintiff's document requests, particularly with respect to Plaintiff's requests for relevant communications. Plaintiff awaits Defendants' revisions to Plaintiff's draft proposed protocol.

11.     Additionally, on March 3, 2026, Plaintiff issued a second set of document requests to the City, requesting additional records based upon documents produced by Defendants to date. Defendant's responses are due on April 2, 2026.

12.     In addition to written discovery exchanged between the parties, this case has required voluminous third-party discovery. Since the parties exchanged their discovery responses in September 2025, Defendants, after conferring with Plaintiff on the scope of several subpoenas, have issued in excess of 20 subpoenas for third-party discovery, including to the Cook County State's Attorney's Office (CCSAO), Cook County Department of Corrections, Plaintiff's prior counsel who represented him in the underlying criminal proceedings, Plaintiff's medical providers, and Plaintiff's former employers. Additionally, based on conferrals with Plaintiff and resulting revisions to Riders, Defendants anticipate issuing subpoenas to IDOC and education institutions that Plaintiff attended prior to his 1988 arrest shortly. Defendants' subpoenas remain outstanding. Defendants received an initial response from CCSAO on March 10, 2026, which Defendants cross-produced to Plaintiff on

the same date. Defendants are coordinating with their agent at Icopy to follow up on the status and obtain responses from the remaining outstanding respondents.

13.     On March 10, 2026, pursuant to Rule 45, Plaintiff emailed to counsel for Defendants seven subpoenas for third-party discovery, including to the Cook County State's Attorney's Office, Illinois State Police, and various media outlets, which Plaintiff sought to issue on March 12, 2026. Counsel for Defendants objected, and the parties are scheduling a meet and confer to determine whether any disputed objections can be resolved.

14.     On January 20, 2026, Plaintiff requested Defendants Doyle's, Defendant Duffin's, and Defendant Wilson's availability to sit for their depositions in late February or early March. Counsel for Defendants have communicated their position that depositions of the officer-Defendants should not proceed until the Cook County State's Attorney's Office has responded to Defendants' subpoena; Plaintiff's counsel agrees. On March 6, 2026, Defendants contacted the CCSAO and thereafter received an initial response on March 10, 2026. Defendants have been advised that the CCSAO is still searching for further records that may be supplemented at a later date. Defendants are obtaining deposition dates for later March or early April.

15.     Plaintiff's counsel has also made considerable efforts to obtain last known contact information and locate witnesses who provided information in the underlying criminal investigation in order to serve subpoenas for their deposition testimony in this litigation.

16.     The parties plan to take numerous depositions in this case, as the investigative material that has been produced to date has identified additional individuals with relevant knowledge who did not testify at the underlying criminal trial. In addition to the three living officer-Defendants, the parties approximate 30 fact depositions, including both non-police witnesses with information relevant to the underlying criminal investigation and non-party CPD officers who participated in conducting the underlying investigation.

17.     While no depositions have been taken to date, the parties have made significant progress in fact discovery, including substantially complete document productions. However, the parties anticipate that a considerable amount of fact discovery remains, including outstanding third-party subpoenas, Defendant City of Chicago's responses to Plaintiff's recently-issued second set of document requests, and depositions of party and non-party fact witnesses. Accordingly, despite the progress to date, there is still significant work to be done in fact discovery.

18.     Pursuant to the Court's directive during the parties' recent January 28, 2026 status conference, the parties agree that *Monell* discovery should remain deferred until the officer-Defendants have sat for their depositions in this litigation. At that time, the parties will be in a better position to inform the Court whether bifurcation of discovery on Plaintiff's *Monell* claims is warranted.

19.     For the foregoing reasons, the parties respectfully request a six-month extension to the current non-*Monell* fact discovery deadline of March 13, 2026. (Doc. 32.) If necessary, the parties will seek the Court's intervention to compel outstanding discovery and/or to resolve any outstanding discovery disputes, both between the parties and between the parties and third-party subpoena respondents.

20.     This request is made in the interest of justice to allow sufficient time to discover this matter and not for purposes of delay.

WHEREFORE, Plaintiff Brian Beals and Defendants Michael Ptak as Special Representative for Thomas Ptak, deceased, Michael Duffin, Patrick R. Doyle, Jr., Michael J. Wilson, and City of Chicago respectfully request that the Court grant the parties' motion and enter an Order extending the deadline to complete fact discovery by six months, to September 14, 2026.


Date:   March 12, 2026                                          PLAINTIFF BRIAN BEALS

                                                                /s/      *Brian Eldridge*
                                                                One of the Attorneys for Plaintiff


6

DEFENDANTS MICHAEL PTAK
AS SPECIAL REPRESENATIVE
FOR THOMAS PTAK,
DECEASED, MICHAEL DUFFIN,
PATRICK R. DOYLE, JR.,
MICHAEL J. WILSON, and CITY
OF CHICAGO

/s/     *Max G. Wessels*
One of the Attorneys for Defendants

Antonio M. Romanucci
Joshua Levin
**ROMANUCCI & BLANDIN, LLC**
321 N. Clark Street, Suite 900
Chicago, Illinois 60654
P. (312) 458-1000
aromanucci@rblaw.net
jlevin@rblaw.net

Steven Hart
Brian Eldridge
John Marrese
Paige Smith
**HART MCLAUGHLIN & ELDRIDGE, LLC**
One South Dearborn, Suite 1400
Chicago, Illinois 60603
P. (312) 955-0545
shart@hmelegal.com
beldridge@hmelegal.com
jmarrese@hmelegal.com
psmith@hmelegal.com

*Attorneys for Plaintiff Brian Beals*

James G. Sotos
Josh M. Engquist
David A. Brueggen
Andrew Leuchtmann
Max G. Wessels
**THE SOTOS LAW FIRM, P.C.**
141 W. Jackson Blvd., Suite #1240A
Chicago, IL 60604
P. (630) 735-3300
jsotos@jsotoslaw.com
jenquist@jsotoslaw.com

dbrueggen@jsotoslaw.com
aleuchtmann@jsotoslaw.com
mwessels@jsotoslaw.com

*Attorneys for Defendants Michael Ptak as Special Representative for Thomas Ptak, deceased, Michael Duffin, Patrick R. Doyle, Jr., Michael J. Wilson, and City of Chicago*